**BRAVERMAN KASKEY GARBER PC**
BENJAMIN A. GARBER, ESQUIRE
N.J. I.D. No. 011382009
One Liberty Place – 56th Floor
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 575-3800
Facsimile: (215) 575-3801
bgarber@braverlaw.com                                              *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNIFIED MIATA LLC**<br>1760 Market Street, Suite 1200<br>Philadelphia, Pennsylvania 19103<br><br>*Plaintiff,*<br><br>v.<br><br>**RISING STARS LLC**<br>30 Emerson Dr.<br>Cinnaminson, New Jersey, 07077<br>    and<br>**BHAVESH B. PATEL**<br>30 Emerson Dr.<br>Cinnaminson, New Jersey, 07077<br><br>*Defendants.* | **ECF CASE**<br><br>**CIVIL ACTION NO.** |

## COMPLAINT

Plaintiff Unified Miata LLC, through its undersigned counsel, brings this Complaint against defendant Rising Stars LLC, as follows:

## PARTIES

1. Plaintiff is a Pennsylvania limited liability company with a business address of 1760 Market Street, Suite 1200, Philadelphia, Pennsylvania 19103.

2. Plaintiff's sole member is an adult individual domiciled in Philadelphia, Pennsylvania.

3. Defendant is a New Jersey limited liability company with an address of 30 Emerson Drive, Cinnaminson, New Jersey 07077.

4. Defendant's sole member(s) is/are New Jersey residents domiciled in the state of New Jersey and includes Bhavesh B. Patel.

5. Defendant Bhavesh B. Patel ("Patel") is an adult individual domiciled in Cinnaminson, New Jersey.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332, based on diversity of citizenship and because the amount in controversy exceeds $75,000.00.

7. As alleged below, plaintiff seeks the return of its $75,000.00 deposit, and losses of approximately $75,000-$100,000, because of Patel's fraud.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the real property at issue is situate in this District, which is also where the dispute arose.

## FACTS

9. Plaintiff and defendant entered into a Purchase Agreement dated March 7, 2023 (the "Agreement"). *See* Exhibit 1 hereto.

10. The real property that is the subject of the Agreement is that certain land as identified therein more specifically and commonly known as 2479 Old York Road, Bordentown, Burlington County, New Jersey 08505 (the "Property").

11. Plaintiff is defined in the Agreement as the "Purchaser" and will be referred to herein below as such.

12. Defendant is defined in the Agreement as the "Seller" and will be referred to herein below as such.

13. Section 4.1 of the Agreement provides that "[a]t Closing, Seller and Purchaser shall perform the obligations set forth in, respectively, Section 4.2 and Section 4.3, the performance of which obligations shall be concurrent conditions."

14. Section 4.2(i) of the Agreement obligated Seller at Closing (as defined in the Agreement) to, *inter alia*, "deliver to the Purchaser a certificate dated as of Closing certifying that all representations and warranties of Seller made hereunder are true and correct."

15. Section 5.1(d) of the Agreement contains the following representation and warranty of by Seller to Purchaser:

> To the best of the actual knowledge of Seller, no portion of the Property and no method of operation of the Property is in violation ('Violation') of any applicable law, ordinance, code, rule, order, regulation or requirement of any governmental authority, the requirements of any local board of fire underwriters (or other body exercising similar functions) and there are presently no outstanding and uncured notices of Violations ….

16. "Closing" was scheduled for June 23, 2023. *See* Exhibit 2 hereto.

17. However, at Closing, Seller could not make the requisite certification pursuant to Section 5.1(d) of the Agreement.

18. Specifically, Seller was using and operating the Property without proper permitting for trailer storage and/or truck parking thereon which was a "Violation" under Section 5.1(d) of the Agreement.

19. Seller's inability at Closing to make the requisite certification pursuant to Section 5.1(d) of the Agreement constitutes a material breach of the Agreement.

20. As a result of Seller's breach of the Agreement, the Agreement provides as follows:

> Purchaser shall be entitled, as its sole remedy, in its sole and absolute discretion, to either cancel the Agreement and receive the return of its Deposit, or to enforce specific performance of Seller's obligations hereunder, provided, however, that Purchaser must initiate its lawsuit for specific performance within one hundred eighty (180) days of the

4

alleged default.

*Id.* at § 6.2.

21. On June 23, 2023, Purchaser terminated the Agreement pursuant to Section 6.2 thereof due to Seller's breach of Section 5.1(d) of the Agreement.[1]  *See* Exhibit 3 hereto.

22. Land Services USA, Inc., as the escrow agent under the Agreement, is presently holding $75,000.00 in deposits made by the Purchaser pursuant to the Agreement (collectively, the "Deposit").

23. On August 16, 2023, Seller, through counsel, wrote to Land Services USA, Inc. wherein Seller misrepresented that Purchaser had breached the Agreement and that Seller was entitled to the Deposit. *See* Exhibit 4 hereto.

24. On August 23, 2023, Purchaser, through counsel, responded to Seller's letter, demanding that Seller immediately rescind its August 16, 2023 letter, and direct the escrow agent to disburse the entirety of the Deposit to the Purchaser. *See* Exhibit 5 hereto.

25. Seller has refused to do so and has not responded to Purchaser's letter.

26. Prior to the execution of the Agreement, and at all times material hereto thereafter, Patel had actual knowledge that Seller's use of the Property was

---

[1] While obvious from the termination letter itself, the reference therein to Section 5.1(e) of the Agreement was inadvertent.  The intended reference was to Section 5.1(d) of the Agreement.

a Violation under the Agreement, and that the Seller could not and would not be able to perform at Closing pursuant to Section 5.1(d) of the Agreement.

27. At all times material hereto, Patel intentionally concealed said knowledge from the Purchaser for purposes of inducing Purchaser to execute the Agreement.

28. At all times material hereto, Patel intentionally concealed said knowledge from the Purchaser for purposes of inducing Purchaser perform under the Agreement and purchase the Property.

29. Had Patel disclosed his unlawful or illegal use of the Property prior to the parties' execution of the Agreement, Purchaser would not have entered into the Agreement.

30. Following the parties' execution of the Agreement, Purchaser incurred costs and expenses of approximately $75,000-$100,000 in costs in pursuit of the acquisition and development related activity in furtherance of Closing under the Agreement which Purchaser would not have incurred had Patel not fraudulently concealed his actual knowledge that Seller's use of the Property was unlawful or illegal and that Seller could not perform under the Agreement.

31. Desperate to sell the Property, Patel decided not to disclose the Seller's unlawful and illegal use of the Property to the Purchaser, and his actual knowledge thereof.

32. Because of Seller's material breach of the Agreement and Purchaser's termination thereof, Seller has no viable claim to the Deposit.

33. Because of Seller's material breach of the Agreement and Purchaser's termination thereof, Seller has no viable claim against Purchaser whatsoever including any claim for breach of the Agreement.

34. Because of Seller's material breach of the Agreement and Purchaser's termination thereof, Seller is entitled to the Deposit.

35. Section 8.3 of the Agreement provides that the "Prevailing Party" (as defined therein) in any litigation between the parties is entitled to recover up to $25,000 in all reasonable expenses and court costs including reasonable attorney's fees.

## COUNT ONE: FOR BREACH OF CONTRACT

36. The foregoing paragraphs are incorporated herein by reference as if set forth in full.

37. The Agreement is a valid, binding contract between the parties.

38. Seller has materially breached the Agreement.

39. Purchaser has complied with its obligations under the Agreement.

40. As a result of Seller's material breach, Purchaser has suffered damages, including but not limited to loss of the Deposit and reasonable expenses and court costs including reasonable attorney's fees.

WHEREFORE, Purchaser respectfully requests that judgment be entered in its favor and against Seller in an amount to be determined at trial, plus pre- and post- judgment interest, attorney's fees and costs, and whatever further relief the Court deems appropriate.

### COUNT TWO:  FRAUD IN THE INDUCEMENT AGAINST SELLER (ASSERTED IN THE ALTERNATIVE TO COUNT ONE)

41.     The foregoing paragraphs are incorporated herein by reference as if set forth in full.

42.     In the alternative Count One, prior to the date that the parties entered into the Agreement, Seller, and its owner Bhavesh Patel, had actual knowledge that Seller was illegally using the Property, a material fact which was concealed from the Purchaser.

43.     Seller owed Purchaser a duty to disclose the Seller's illegal Property use prior to and at the time the Agreement was signed.

44.     However, rather than disclose its illegal use, Seller and Patel fraudulently induced Purchaser to enter into the Agreement.

45.     Purchaser reasonably relied upon Seller's acts and omissions, as aforesaid, in executing and entering into the Agreement.

46.     Purchaser has suffered damages as the direct and proximate result of Seller's fraudulent inducement, including but not limited to the loss of the Deposit,

and approximately $75,000-$100,000 in reliance damages.

WHEREFORE, Purchaser respectfully requests that judgment be entered in its favor and against Seller (i) declaring the Agreement null and void and of no force and effect, and awarding damages in an amount to be determined at trial, but in any event which includes the Deposit, reliance damages, plus pre- and post-judgment interest, attorney's fees and costs, and whatever further relief the Court deems appropriate.

### COUNT THREE:  FOR FRAUDULENT CONCEALMENT AGAINST PATEL

47. The foregoing paragraphs are incorporated herein by reference as if set forth in full.

48. As alleged herein, Patel concealed material facts basic to the transaction which he thus had a duty to disclose to Purchaser in order to induce Purchaser to enter into the Agreement and perform thereunder.

49. As alleged herein, Patel's concealment was designed to induce Purchaser's reliance.

50. Patel's concealment was intentional and without justification.

51. Purchaser justifiably relied upon and was induced to its peril by Patel's fraudulent concealment.

52. As a result of Patel's fraud, Purchaser has, and continues to suffer

substantial damages in an amount to be determined at trial and in excess of the jurisdictional limits of this Court.

WHEREFORE, Purchaser, demands judgment in its favor and against Patel for all compensatory, consequential and incidental damages, penalties, disgorgement of ill-gotten monies, punitive damages, and reasonable attorneys' fees, together with interest and costs and for such relief as the Court may deem proper and necessary.

### COUNT FOUR:  FOUR DECLARATORY JUDGMENT RELIEF

53. The foregoing paragraphs are incorporated herein by reference as if set forth in full.

54. A dispute presently exists between the parties to the Agreement as to whether the Agreement has been breached and whether Purchaser or Seller is entitled to the Deposit, among other relief.

55. A declaratory judgment is thus necessary and proper to set forth the rights and obligations that exist among the parties with respect to the Agreement.

56. Purchaser is entitled to judicial declarations that Seller materially breached the Agreement and otherwise engaged in unlawful conduct for the reasons set forth herein, that Purchaser is entitled to the entirety of the Deposit and that any purported obligation of the Purchaser to close on the Property had been discharged, excused and/or suspended because of Seller's first occurring breach.

57. The Purchaser has a direct, substantial, and present interest in this litigation.

WHEREFORE, Purchaser demands judgment in its favor and against Seller for declaratory relief as described herein and such additional relief as the Court may deem proper and necessary.

                                              Respectfully submitted,

                                              **BRAVERMAN KASKEY GARBER PC**

Dated: October 3, 2023      BY:   */s/ Benjamin A. Garber*
                                                               BENJAMIN A. GARBER, ESQUIRE
                                                               1650 Market Street-56th Floor
                                                               Philadelphia, PA 19103
                                                               *Attorneys for Plaintiff*